IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DANA LANETT WASHINGTON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FAMILY DOLLAR, )<br>)<br>Defendant. ) | Cause No. 2:21-CV-22-PPS-JEM |

**OPINION AND ORDER**

On May 17, 2021, Defendant, Family Dollar, filed a Motion to Dismiss for lack of jurisdiction. [DE 9.] After warning pro se Plaintiff, Dana Washington, that failure to file a response may result in the court summarily ruling on this matter [DE 15], Washington filed two identical responses stating "I wish to continue the case against Family Dollar. At this time, I am in search of legal representation and will request that the chosen party promptly contact this court." [DE 16, 17.]

A document filed pro se is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pro se plaintiffs still must abide by certain rules.

The complaint filed in this docket is an "employment discrimination complaint," and indicates that Washington is suing under Title VII. [DE 1.] However, it is unclear whether Washington is bringing civil rights claims, or she is stating claims like battery, assault, or defamation. For example, Washington alleges that her supervisor at the

Family Dollar store where she worked was hostile to her, threw a set of keys at her, approached her aggressively and grabbed her arm, intentionally touched her breast, and punched her in the upper right arm. *Id.* at 2. There are also some confusing allegations about the supervisor sharing "private information" with another associate who allegedly committed another crime against Washington. *Id.* at 2-3. It is unclear whether I have jurisdiction over this case because it is unclear whether the complaint gives rise to a claim under the U.S. Constitution or federal law, or if diversity jurisdiction is present (there are no allegations asserting the citizenship of any party to the suit).

In support of its motion to dismiss, Family Dollar complains of a deficient summons and complaint. The complaint served on Family Dollar is different than the complaint filed on the docket in this case. [DE 10 at 2; Hunter Decl., DE 11.] Additionally, the summons does not bear the Court's seal, in violation of Rule 4(a)(1)(G). [DE 11-1.] Therefore, Family Dollar claims it was never properly served and this court lacks jurisdiction.

It is definitely a problem that Family Dollar was not served with a sufficient complaint - one that matches the document filed on the docket, and a summons including the court's seal. Rule 4 requires that a summons be "signed by the clerk" and "bear the court's seal." Fed. R. Civ. P. 4(a)(1)(F-G).

The other problem is jurisdiction. Federal courts can only hear specific types of civil cases. As one leading treatise puts it:

> It is a principle of first importance that the federal courts are tribunals of limited subject matter jurisdiction. Most state courts are courts of

2

> general jurisdiction, and the presumption is that they have subject matter jurisdiction over any controversy unless a showing is made to the contrary. The federal courts, on the other hand, cannot be courts of general jurisdiction. They are empowered to hear only those cases that (1) are within the judicial power of the United States, as defined in the Constitution, and (2) that have been entrusted to them by a jurisdictional grant by Congress.
> A federal court's entertaining a case that is not within its subject matter jurisdiction is no mere technical violation; it is nothing less than an unconstitutional usurpation of state judicial power. Accordingly, there is a presumption that a federal court lacks subject matter jurisdiction, and the party seeking to invoke federal jurisdiction must affirmatively allege the facts supporting it.

Wright & Miller, 13 Fed. Prac. & Proc., Juris. § 3522 (3d ed.) (collecting cases).

The main avenues available to litigants seeking to get into federal court are what are known as "federal question jurisdiction" and "diversity jurisdiction." 28 U.S.C. § 1331; 28 U.S.C. §1332. The first, for claims based on the federal constitution or violations of federal law, might or might not be applicable here. I cannot tell whether Washington is alleging federal law claims, or instead only claims of battery, assault, or defamation (all of which are state law tort claims).

The second general category of cases over which federal courts have jurisdiction are lawsuits between citizens of different states. However, the complaint does not allege the citizenship of any parties. Moreover, diversity of citizenship alone is not enough, a plaintiff must also meet the "amount in controversy" requirement of the statute, which is $75,000.00. 18 U.S.C. § 1332(a); *Conrad v. Batz*, No. 13-CV-475-BBC, 2014 WL 12725826, at *2 (W.D. Wis. Feb. 24, 2014) ("Section 1332 authorizes a federal district court to exercise jurisdiction over a state law claim if the plaintiff and defendants are

3

citizens of different states and the amount in controversy is more than $75,000."). Thus, I cannot be confident that I have jurisdiction over this case.

ACCORDINGLY: Plaintiff Dana Washington's complaint is DISMISSED WITHOUT PREJUDICE meaning she can re-file her claims in state court. Alternatively, if Washington wishes, she may file and properly serve an amended complaint in this court (within 30 days) which indicates how this court has jurisdiction (either alleging diversity of citizenship and a controversy exceeding $75,000; or federal subject matter jurisdiction, indicating what federal law the Plaintiff is suing under); as well as specifying exactly what happened to Washington, when, and who committed each allegation. If Washington does not file anything with this court within 30 days, the Clerk will be directed to close the case.

ENTERED: November 22, 2021.

 s/   Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT