IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DANA LANETT WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 2:21-CV-22-PPS-JEM |
| vs. | ) | |
| | ) | |
| FAMILY DOLLAR, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff, Dana Washington, was given a chance to correct the deficiencies I noted in her complaint, including the deficiencies I identified with service of a proper summons and complaint. She filed an amended complaint against Defendant, Family Dollar. However, as articulated in Family Dollar's motion to dismiss, the amended complaint still suffers from insufficient service of process. Dismissal without prejudice is therefore proper.

**Background**

The complaint originally filed on January 19, 2021, is an "employment discrimination complaint," and indicates that Washington is suing under Title VII. [DE 1.] Family Dollar filed a motion to dismiss, criticizing what it claimed was a deficient summons and complaint. [DE 9.] According to Family Dollar, the pro se complaint filed on the docket was different than what it received in the mail, which purported to be a summons, along with an uncaptioned document entitled "complaint." [DE 11 at 1;

DE 11-1.]

As I noted in my opinion and order which addressed the complaint filed on the docket [DE 18], it was unclear whether Washington was bringing civil rights claims, or she was stating claims like battery, assault, or defamation. The basis for jurisdiction was also unclear. Additionally, I noted that the complaint served on Family Dollar was different than the complaint filed on the docket, and that the summons was deficient because it did not include the court's seal. [*Id.* at 2.] I dismissed the complaint without prejudice, granting 30 days for Washington to file and properly serve an amended complaint. [*Id.* at 4.]

Washington timely filed an amended complaint on December 21, 2021. [DE 19.] The amended complaint once again indicates it is an "employment discrimination complaint." *Id.* The amended complaint alleges as follows: in April 2020, Washington's supervisor at Family Dollar, a man named William Smith, was acquainted with another person who allegedly raped Washington. Smith told Washington just a few days after the rape that the store manager position was no longer available. [DE 19-2 at 2.] Soon thereafter, Smith acted inappropriately towards Washington, and he was hostile. *Id.* For example, Smith brushed up against Washington and touched her breasts. *Id.* Shortly after an incident at Washington's register, Smith walked up behind her and pushed her hard in her upper right arm. [*Id.* at 3.] On July 20, 2020, while Washington was working, Smith threw a set of approximately 15 keys at her. *Id.* A few days later, Smith again walked up to Washington and punched her hard in her upper right arm.

2

*Id.* Another incident occurred on July 31, 2020, when Smith pulled Washington out from behind the checkout bay and dragged her down the main aisle. [*Id.* at 3-4.] He then started to describe, in a wild manner, how to position gallons of water on the shelf, and intentionally touched Washington's breast. [*Id.* at 4.] Washington attached the EEOC's right to sue letter to the amended complaint. [DE 19-1.]

Family Dollar filed a motion to dismiss the amended complaint pursuant to Rules 12(b)(2), (b)(5), and (b)(6). [DE 24.] It argues Washington's claims are subject to dismissal for insufficient service of process and therefore the court lacks personal jurisdiction over Family Dollar. It also argues the amended complaint fails to state a claim for which relief can be granted because some of Washington's allegations fall outside the scope of her EEOC charge and they fail to properly raise a claim of Title VII sex discrimination.

In her response memorandum, Washington indicates that Family Dollar was aware of Smith's misconduct, and it failed to offer her a full-time assistant store manager position after she reported Smith's violence on July 31, 2020. [DE 29 at 2.] Washington filed a second response to the motion to dismiss, stating she will "draft a notice of suit and mail it to Family Dollar and their legal representation. The complaint(s) all described serious acts of discrimination, violence, and harassment. The plaintiff's gender was the primary motivation for those acts and the perpetrator's knowledge of her religious beliefs escalated his hostile behavior." [DE 31.]

During these proceedings, Washington made several comments in her briefs that

3

she was searching for legal representation. [DE 16, 29 at 1.] On April 8, 2022, I issued an order stating the Court would attempt to find a lawyer willing to represent Washington. [DE 32.] The Court did locate an attorney on the Northern District's Volunteer Attorney Panel, and he contacted Washington. However, she was unwilling to confer by telephone with the attorney or answer his e-mailed questions. As such, the attorney believed he could not provide effective representation. Therefore, I will go ahead and rule on this motion on the merits.

## Discussion

A document filed pro se is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pro se plaintiffs still must abide by certain rules.

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a party may move to dismiss for lack of personal jurisdiction. Once a defendant moves to dismiss on that basis, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In ruling on this type of motion, I must first determine whether Washington has made out a prima facie case of personal jurisdiction. *Id.*; *see also Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). At this stage, I must "take as true all well-pleaded facts alleged in the complaint and resolve any factual disputes in the affidavits in favor of the

4

plaintiff." *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010).

Motions pursuant to Rule 12(b)(5), challenging service of process, have the same standard of review as Rule 12(b)(2) motions because "valid service of process is necessary in order to assert personal jurisdiction over a defendant." *Lozanovski v. Bourrell*, No. 2:15-cv-454, 2018 WL 925251, at *5 (N.D. Ind. Feb. 15, 2018).

If a defendant is not properly served, Rule 4(m) contemplates dismissal without prejudice, unless the plaintiff shows good cause for the failure:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period . . .

Fed. R. Civ. P. 4(m).

Family Dollar first moves for dismissal for "insufficient service of process" under Fed. R. Civ. P. 12(b)(5). In response to the argument that service was not properly effectuated, Washington states that "[m]y third complaint was filed Forma Pauperis, which I understood the court would serve the summons." [DE 29 at 1.] Washington is mistaken about her status. On March 15, 2021, Magistrate Judge John E. Martin entered an order ordering Washington to *either* pay the filing fee or file an in forma pauperis petition by April 5, 2021. [DE 2 at 2.] On April 15, 2021, the Clerk's office received the filing fee. Therefore, Washington paid the filing fee in this case, and she is not proceeding in forma pauperis in this matter.

5

As articulated in its first motion to dismiss, Washington did not properly serve Family Dollar with the first complaint. The mailed complaint was different than the complaint filed on the docket, and the mailed complaint did not contain a caption with the court's name, title, or file number. [Hunter Decl., DE 11 at 2-6; DE 11-1 at 3-4.] This violates Rule 10(a) which provides that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation." Fed. R. Civ. P. 10(a). In addition, the first summons sent to Family Dollar was defective because it did not "bear the court's seal," in accordance with Federal Rule of Civil Procedure 4(a)(1)(G). [DE 11, 11-1.] Moreover, the amended complaint was not issued with a summons at all. Under Rules 4(c) and 4(e), Washington should have served Family Dollar with a summons along with the amended complaint to properly effectuate service of process.

The fact that Family Dollar still has not been served with a proper summons is not a mere technicality. As established by the Seventh Circuit, "[a] district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process . . . and the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint." *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008).

Moreover, Washington's failure to effectuate service of process has now offended other procedural timing requirements. Rule 4(m) provides "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own

6

notice after notice to the plaintiff– must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Family Dollar has not received proper service of a summons for the entire year and four months that this case has been pending. And Washington has not argued anything amounting to good cause to excuse this shortcoming. *See, e.g., Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002) ("good cause" means "a valid reason for delay, such as the defendant's evading service.").

While excusable neglect can also be a ground for extension of time for service, Washington has been on notice of the insufficient service in this case since May 17, 2021, when Family Dollar first filed a motion to dismiss, and I also identified the insufficient service of process in my opinion and order dated November 22, 2021. The fact that Washington has just now offered to "draft a notice of suit and mail it to Family Dollar and their legal representation" [DE 31 at 1], does nothing to ameliorate the problem of failing to effect timely service upon Family Dollar. I already granted Washington 30 days to file an amended complaint, fixing the substantive deficiencies I pointed out, as well as effect proper service on Family Dollar. She failed to do so.

A 12(b)(5) dismissal is without prejudice. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1007 (7th Cir. 2011) ("A dismissal pursuant to a Rule 12(b)(5) motion ordinarily should be entered without prejudice."). Given this disposition, there is no need to address Family Dollar's other arguments for dismissal.

**Conclusion**

For the aforementioned reasons, Defendant, Family Dollar's Motion to Dismiss [DE 23] is GRANTED. The Clerk is ORDERED to DISMISS the claims against Family Dollar WITHOUT PREJUDICE. Further, the Clerk is ORDERED to CLOSE this case. SO ORDERED.

ENTERED: May 31, 2022.

 s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
